THE PEOPLE ex rel. THE COMMONWEALTH INSURANCE COMPANY OF NEW YORK, Respondent, v. MICHAEL COLEMAN et al., Commissioners, etc., Appellants.

The commissioners of taxes and assessments of the city of New York, in valuing the property of an insurance company for the purposes of taxation, fixed the value of its capital stock and net surplus at $321,219, according to the report of the insurance department, to which they referred. That report fixed the value of the stock at $300,000, its par value, and the net surplus at $21.219, which was arrived at by deducting from the gross surplus the liabilities for unearned premiums. From the aggregate valuation the commissioners deducted United States bonds held by the company amounting to $304,577, and the balance, $16,644, was determined to be the sum for which the company was liable to taxation. On *certiorari* brought to review the assessment, *held*, that, as by the act of 1857 (Chap. 456, Laws of 1857), only the part of the surplus exceeding ten per cent of the capital was liable to assessment; the assessment of any part of it was error; and that the question as to whether, in estimating the property of an insurance, company any deduction should be made on account of unearned premiums was not presented and could not be decided; that the commissioners having made the deduction could not be heard to say it was erroneous; also, that their error could not be obviated by proof that the surplus was, in fact, much larger than was fixed by them.

(Argued January 29, 1889; decided March 5, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made June 19, 1888, which reversed an order of Special Term reducing, and confirming as reduced, an assessment upon the capital stock and property of the relator, for the purposes of taxation, by the commissioners of taxes and assessments of the city of New York, which was brought up for review by *certiorari.*

The material facts are stated in the opinion.

*David J. Dean* for appellants. The method adopted by the commissioners was in accordance with the law. (Laws of 1857, chap. 456, § 3 ; *People* v. *Asten,* 100 N. Y. 597–602 ; *People ex rel. K. F. Ins. Co.* v. *Comrs.,* 107 id. 543.) The relator was not entitled to a reduction of its unearned premiums. (*People* v. *Ferguson,* 38 N. Y. 89, 92 ; *People ex rel.*

*M. F. Ins. Co.* v. *Comrs.*, 76 id. 64; *People ex rel. W. F. Ins. Co.* v. *Davenport*, 91 id. 574, 581; *State* v. *Parker*, 34 N. J. 479; 35 N. J. Law 575.) If the court at Special Term erred in entirely rejecting the item of unearned premiums, the General Term should have referred the matter back to the commissioners for reassessment, instead of directing that the assessment be vacated and set aside. (Laws 1880, chap. 269.)

*Joseph Larocque* for respondent. It was the duty of the commissioners, in estimating the value of the capital stock for the purpose of assessment, to make a proper deduction from the value of the assets to cover existing liabilities, and in adopting the basis of fifty per cent of the premiums collected on unexpired risks as a proper measure of liability on outstanding policies they acted properly. (*People* v. *Ferguson*, 38 N. Y. 89; *People ex rel. M. F. Ins. Co.* v. *Bd. of Comrs.*, 76 id. 64.)

ANDREWS, J. We think the question which the appellants seek to have determined, viz., whether in estimating the property of an insurance company for the purpose of taxation, any deduction is to be made on account of unearned premiums, and whether they are to be considered to any extent as debts or liabilities of the company, does not arise and cannot be decided on this record. It appears from the return of the commissioners of taxes that they fixed the valuation of the capital stock and net surplus of the relator at $321,219, according to the report of the insurance department of the state, to which they refer. Reference to the report shows that this sum was arrived at by valuing the capital stock of the relator at $300,000, its par value, and its net surplus at $21,219. The net surplus was ascertained by deducting from the sum of $45,885.21, the gross surplus, liabilities for unearned premiums amounting to $24,666.16. This left the net value of its assets as estimated, the sum before mentioned, viz., $321,219.

From this aggregate the commissioners deducted United States bonds held by the company to the amount of $304,577, leaving a balance of $16,644, which latter sum was fixed by

the commissioners as that for which the relator was liable to taxation.   This sum represented part of the surplus of $21,219, as ascertained by the commissioners, and as by chapter 456 of the Laws of 1857, only that part of the surplus of the relator exceeding ten per cent of its capital was liable to taxation, the assessment of any part of it was plainly erroneous.   The Special Term so held, but also decided that the deduction of the unearned premium was error, and that adding this to the valuation and deducting the ten per cent, the taxable balance was $11,310.21, and it reduced the assessment to that sum. The commissioners cannot be heard to say that the deduction made in arriving at the net surplus of the unearned premiums was erroneous and should not have been made. They did make the deduction and are bound by it.   They can neither increase nor diminish at this stage the valuation upon which the assessment proceeded, nor can their error be obviated by the court on the evidence that the surplus was, in fact, much larger than was fixed by them.   The regularity of the assessment is to be determined on the basis that the full net surplus was $21,219.

We think the order appealed from is right and it should, therefore, be affirmed.

All concur.

Order affirmed.