The People ex rel. The Second Avenue Railroad Company, Respondent, *v.* Edward P. Barker et al., as Commissioners of Taxes, etc., Appellants.

In the assessment of taxes upon a corporation under the act of 1857 (§ 3, chap. 456, Laws of 1857), it is entitled to have its indebtedness deducted from the value of its corporate assets.

(Argued January 22, 1894; decided February 6, 1894.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made June 9, 1893, which affirmed an order of Special Term setting aside an assessment for taxation upon the relator's capital stock.

The facts, so far as material, are set forth in the opinion.

*David J. Dean* for appellants. The commissioners were justified in their determination that the aggregate value of the capital stock after deducting the assessed value of the real estate of the corporation, equaled the assessment made. (*U. T. Co. Case*, 126 N. Y. 433; *People ex rel. v. Coleman*, 107 id. 543; 126 id. 433; *People v. R., W. & O. R. R. Co.*, 105 id. 201; *People ex rel. v. Comr. of Taxes*, 95 id. 554; *People ex rel. v. Barker*, 139 id. 55.)

*Chas. E. Miller* for respondent. In ascertaining the amount to be assessed, the indebtedness is to be deducted from the gross assets. (*People v. Ferguson*, 38 N. Y. 89; *People v. Comrs.*, 36 How. Pr. 315; *People v. Comrs.*, 31 Hun, 32; *People v. Asten*, 100 N. Y. 597, 612; *People v. Coleman*, 107 id. 541; 126 id. 433; Laws of 1885, chap. 411, § 4; Laws of 1892, chap. 202, § 4; Laws of 1857, chaps. 456, 536, § 3; *People v. Comrs.* 23 N. Y. 242; *La Farge v. E. F. Ins. Co.*, 22 id. 352; *B. Co. v. Tax Comrs.*, 1 Keyes, 303; *People v. McLean*, 80 N. Y. 254.) The fact that in the long history of litigation on the subject of taxation no such claim as is now advanced by appellants has ever been made, and that

1894.] People ex rel. S. A. R. R. Co. *v.* Barker et al.   **197**

N. Y. Rep.]    Opinion of the Court, per Bartlett, J.

repeated dicta by the courts and the uniform action of assessing officers throughout the state have assumed that the indebtedness should be deducted is conclusive against the ground taken by appellants. (*People* v. *Comr. of Taxes*, 6 Hun, 109, 114; *Easton* v. *Pickersgill*, 55 N. Y. 310; 64 id. 656.) The indebtedness is to be deducted from the taxable property of the corporation. (*People* v. *Ryan*, 88 N. Y. 142; Laws of 1885, chap. 411, § 4.)

Bartlett, J.   The relators were assessed for the purpose of taxation upon capital stock for the year 1892, in the sum of $968,973. In July, 1892, they sued out a writ of certiorari to review the proceedings of the tax commissioners.

The special term of the Supreme Court reversed the adjudication of the tax commissioners and vacated the assessment. The general term, in affirming this order, considered at length the question whether, as a matter of law, the debts of the relator were necessarily deductible from the value of the corporate assets. We are satisfied with its conclusions on that point and will not consider the question at length on this appeal. The respondent company was entitled to have its indebtedness deducted from the value of its corporate assets which constituted its capital stock, or capital, as distinguished from its actual share stock. The rule has been repeatedly recognized by this court. (*People ex rel. Union Trust Co.* v. *Coleman,* 126 N. Y. 433; *People ex rel. Edison Electric Illuminating Co.* v. *Barker,* 139 id. 55.) In this last case Judge Peckham remarks, at page 63, after considering the indebtedness of the corporation, as follows, viz.:

"This indebtedness must, in the nature of things, be taken into consideration in arriving at the value of the capital of the relator. And when it is seen that the indebtedness of a corporation is double the amount of all its assets, it follows, upon the system adopted by the state for the assessment of corporations, that the actual value of the capital of such a corporation is zero."

The case at bar presented a similar situation. According

to the statement furnished by the relators to the commissioners, the following state of affairs was disclosed, viz. :

| | |
|---|---:|
| Real estate, assessed value.................. | $531,027.00 |
| Personal property........................ | 590,269.12 |
| Total.............................. | $1,121,296.12 |
| Liabilities ............................ | 1,938,873.65 |
| Excess of liabilities.................. | $817,577.52 |

The commissioners made up a statement as follows, viz. :

| | |
|---|---:|
| Personal property........................ | $1,500,000 |
| Assessed value of realty .................. | 531,027 |
| Amount subject to tax.................. | $968,973 |

It is not contended on the part of the commissioners that they deducted the indebtedness.

It is, therefore, of no importance which statement is taken as a basis of computation.

Taking the figures of the commissioners, by which they are certainly concluded, and deduct from the amount of $968,973, they find subject to taxation, the indebtedness of the company of $1,938,873.65, and it is apparent that there is no capital subject to taxation, and the assessment in this case is illegal and must be set aside.

The orders of the special and general terms are, therefore, affirmed.

All concur.

Orders affirmed.