THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE COR-NELL STEAMBOAT COMPANY, Respondent, *v.* ADDISON E. DEDERICK, as Assessor of the City of Kingston, Appellant.

1. TAX — REVIEW BY COURT OF APPEALS. Under section 253 of the Tax Law (L. 1896, ch. 908), the Supreme Court has power to review the facts upon which an assessment is based and may take the testimony of witnesses and determine the facts anew, but the Court of Appeals has no power to review the facts found by the Supreme Court.

2. CORPORATION AS A PERSON — UNDER TAX LAW, §§ 21 AND 37 — DEDUCTION OF DEBTS. The word "person" as mentioned in sections 21 and 37 of the Tax Law, providing for deduction of debts from personal property, includes a corporation by virtue of the Statutory Construction Law, section 5, and a corporation is entitled, therefore, to have its debts deducted from the value of the property, in an assessment of its personal property for town, county or municipal purposes.

3. CONSTRUCTION OF § 12 OF THE TAX LAW. The provision for the assessment of capital stock of a corporation at its actual value made by section 12 of the Tax Law does not conflict with or prohibit a deduction of the company's indebtedness in determining such value.

4. CONFLICTING PROVISIONS OF TAX LAW — § 31 SUPERSEDED BY § 12. The provision re-enacted in section 31 of the Tax Law, requiring an assessment of the amount of the capital stock of a corporation " paid in or secured to be paid in " is superseded by the provision re-enacted in section 12, which requires the capital stock to be assessed at its actual value.

5. DEBT INCURRED IN PURCHASE OF GOOD WILL OF A BUSINESS. Indebtedness incurred by a corporation for the purchase of the good will of a business cannot be deducted from the value of its taxable personal property, under section 6 of the Tax Law, which prohibits the deduction of indebtedness incurred in the purchase of non-taxable property, since good will, though it constitutes property, is not taxable as such for general town, county, or municipal purposes.

*People ex rel. Cornell Steamboat Co.* v. *Dederick,* 41 App. Div. 617, modified.

(Submitted October 3, 1899; reargued December 13, 1899; decided January 9, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 17, 1899, affirming an order of the Special Term striking the sum of $250,000 for relator's personal property from the assessment roll of the city of Kingston for the year 1898.

This was a proceeding to review an assessment.

The facts, so far as material, are stated in the opinion.

*John W. Searing* for appellant. Representations to the assessor by corporations are not conclusive. He has the right to disregard statements showing insolvency or impairment of capital by corporations which are earning and paying dividends on their capital stock. (*People ex rel.* v. *Barker,* 144 N. Y. 94; *People ex rel.* v. *Barker,* 146 N. Y. 304.) The bonded indebtedness of the relator having been created largely for the purchase of franchises and good will, which are non-taxable, the relator was not entitled to have such part of its bonded indebtedness deducted from its gross assets in making an assessment for personal property. (*People ex rel.* v. *Barker,* 7 App. Div. 27; *People ex rel.* v. *Neff,* 19 App.

Div. 590; *People ex. rel.* v. *Neff*, 19 App. Div. 599; *People ex rel.* v. *Neff*, 19 App. Div. 596; *People ex rel.* v. *Barker*, 155 N. Y. 330; *People ex rel.* v. *Barker*, 28 Misc. Rep. 13.)  Where there is some evidence to support the assessment, such assessment will not be reversed upon certiorari. (*People ex rel.* v. *Barker*, 147 N. Y. 37.)  The Tax Law contains no provision in terms for the deduction of the debts of a corporation in assessing it personal property for the purpose named. (L. 1896, ch. 908, §§ 12, 27; *People ex rel.* v. *Comrs. of Taxes*, 95 N. Y. 554.)  The Tax Law does not indicate an intention on the part of the legislature to grant such an exemption or to provide for the deduction of a corporation's debts in assessing its personal property. (*People ex rel.* v. *Peck*, 157 N. Y. 54; *People ex rel.* v. *Davenport*, 91 N. Y. 574.)  The deduction of the amount of a corporation's debts from the value of its personal property, in making an assessment, creates an exemption of property from taxation to the extent of such debts, and, without express legislative authority, such an exemption is illegal. (*Y., etc., R. R. Co.* v. *Thomas*, 132 U. S. 174; *Y., etc., R. R. Co.* v. *Levee Comrs.*, 132 U. S. 190; *K., etc., Co.* v. *Missouri*, 152 U. S. 301; *R. R. Co.* v. *New Orleans*, 143 U. S. 195; *R. R. Co.* v. *Missouri*, 120 U. S. 569; *V., etc., R. Co.* v. *Davis*, 116 U. S. 665; *People ex rel.* v. *Comrs.*, 95 N. Y. 554; *People ex rel.* v. *Davenport*, 91 N. Y. 574.)  The words "actual value," by which the taxable value of the capital stock of a corporation is described in section 12 of the Tax Law, afford no authority for the deduction of debts. (*People ex rel.* v. *Coleman*, 126 N. Y. 448; *People ex rel.* v. *Barker*, 144 N. Y. 94; *People ex rel.* v. *Barker*, 146 N. Y. 304.)  The omission of the words, "and taxed in the same manner as the other personal and real estate of the county," at the end of section 3 of chapter 456 of Laws of 1857, from section 12 of the Tax Law, indicates clearly the legislative intent that corporations should not deduct their debts, and removes all color of statutory authority for such deduction. (*People ex rel.* v. *Barker*, 72 Hun, 126.)

*Charles A. Collin* and *Amos Van Etten* for respondent. The evidence produced by a party seeking to correct an assessment, if uncontradicted, must control. (*People ex rel.* v. *Feitner*, 41 App. Div. 571.) There is no presumption arising in this case, which is to be accepted in the face of positive proof. (L. 1896, ch. 908, § 31; *People ex rel.* v. *Barker*, 152 N. Y. 417.) The policy of allowing corporations, as well as natural persons, to deduct indebtedness from personal property assessments, was clearly, expressly and deliberately adopted in the early legislation of this state. (1 R. S. ch. 13, tit. 1, § 1; tit. 4, § 10; *M. & H. R. R. Co.* v. *Clute*, 4 Paige, 384; *Bank of Utica* v. *Utica*, 4 Paige, 399; *People ex rel.* v. *Bd. Suprs.*, 4 Hill, 20; *F. L. & T. Co.* v. *Mayor, etc.*, 7 Hill, 261; *U. C. M. Co.* v. *Bd. Suprs.*, 1 Barb. Ch. 448; *O. S. Factory* v. *Dolloway*, 21 N. Y. 449; *People ex rel.* v. *Comrs. of Taxes*, 23 N. Y. 192; L. 1857, ch. 456, § 3; L. 1896, ch. 908, §§ 3, 12; *People ex rel.* v. *Comrs. of Taxes*, 95 N. Y. 554.) The continuance after the act of 1857 (Ch. 456, § 3) of the right of corporations to deduct indebtedness from personal property assessments was not dependent on the closing words of section 3, but such right was conferred and continued by other provisions of section 3 and by other statutory provisions continued in the present Tax Law, wholly independent of section 3 of the act of 1857 (Ch. 456), and of section 12 of the present Tax Law. Such right would not have been affected by the entire repeal and subsequent omission of section 3 of the act of 1857 (Ch. 456), and much less has such right been affected by the omission of the last few words of section 3 of the act of 1857 from its otherwise re-enacted language in section 12 of the present Tax Law. The term "persons" throughout the tax laws included corporations. (*People* v. *U. Ins. Co.*, 15 Johns. 382; *Ontario Bank* v. *Bunnell*, 10 Wend. 186; *B. C. L. Ins. Co.* v. *Comrs. of Taxes*, 31 N. Y. 32; 1 R. S. [9th ed.] 111.) Section 12 of the present Tax Law, construed independently of the remainder of the law, requires assessors to deduct corporate indebtedness from their valuations of corporate personalty. (*People ex rel.* v. *Pond,*

1900.] People ex rel. Cornell S. Co. *v.* Dederick. 199

N. Y. Rep.]                    Points of counsel.

37 App. Div. 330; *People ex rel.* v. *Barker*, 141 N. Y. 196; *People ex rel.* v. *Barker*, 141 N. Y. 118; *People ex rel.* v. *Barker*, 139 N. Y. 55; *People ex rel.* v. *Barker*, 144 N. Y. 94; *People ex rel.* v. *Roberts*, 154 N. Y. 101; *People ex rel.* v. *Wemple*, 138 N. Y. 582; *People ex rel.* v. *Barker*, 152 N. Y. 417; *People ex rel.* v. *Coleman*, 107 N. Y. 541; *People ex rel.* v. *Tax Comrs.*, 1 T. & C. 635.) All of the provisions of the present Tax Law are consistent and harmonious in their continuation of the right of corporations to deduct indebtedness from assessments of their personalty. The principle of equality of taxation, from the foundation of the state, has been as thoroughly imbedded in tax legislation as if it had been required by the Constitution. The letter and spirit of the present Tax Law continues the same policy. (*People ex rel.* v. *Barker*, 72 Hun, 126.) It being conceded that the statutes in question require the deduction of the indebtedness of individuals by the assessors before making an assessment against such individuals for personal property, in case this court should decide that the same statutes forbid the assessors to deduct the indebtedness of corporations before making an assessment against them for personal property, such a discrimination would contravene the provisions of the fourteenth amendment to the Federal Constitution. (*County of Santa Clara* v. *S. P. R. R. Co.*, 118 U. S. 394; *H. Ins. Co.* v. *People*, 134 U. S. 594; *Pembina Co.* v. *P. R. R. Co.*, 125 U. S. 181; *Smyth* v. *Ames*, 169 U. S. 522; *Fire Dept.* v. *Stanton*, 159 N. Y. 225; *County of San Mateo* v. *S. P. R. R. Co.*, 13 Fed. Rep. 722; *People* v. *Weaver*, 100 U. S. 539; *Whitbeck* v. *M. Nat. Bank*, 127 U. S. 193; *Hills* v. *Exchange Bank*, 105 U. S. 319; *Evansville Bank* v. *Britton*, 105 U. S. 322; *Aberdeen Bank* v. *Chehalis Co.*, 166 U. S. 455; *Boyer* v. *Boyer*, 113 U. S. 689.) If, however, this court shall decide that the law does not allow corporations generally to deduct indebtedness from the valuations of their personal property, nevertheless, in this particular case, the court will take judicial notice of the inequality which would result from denying such right

to this corporation alone while allowing it to all other corporations and persons in the city of Kingston. (*People ex rel.* v. *Feitner*, 27 Misc. Rep. 384; *People ex rel.* v. *Barker*, 144 N. Y. 99.

*Julien T. Davies, Charles Francis Stone* and *Charles A. Gardiner* for the Manhattan Railway Company and other corporations intervening, on reargument. Under the statutes existing prior to the revision contained in the present General Tax Law, a long and uniform line of decisions held that the debts of a corporation must be deducted in assessing its personal property. (*People ex rel.* v. *Commissioners of Taxes*, 46 How. Pr. 315; *People ex rel.* v. *Commissioners of Taxes*, 31 Hun, 32; *People ex rel.* v. *Barker*, 72 Hun, 126; 141 N. Y. 196; *People ex rel.* v. *Barker*, 76 Hun, 454; *People ex rel.* v. *Ryan*, 88 N. Y. 142; *People ex rel.* v. *Asten*, 100 N. Y. 597; *People ex rel.* v. *Coleman*, 112 N. Y. 565; *People ex rel.* v. *Coleman*, 126 N. Y. 433; *People ex rel.* v. *Barker*, 139 N. Y. 55.) There has been no change by the adoption of the present General Tax Law which can justify the adoption of any new rule. (*People ex rel.* v. *Pond*, 37 App. Div. 330; *People ex rel.* v. *Davenport*, 91 N. Y. 574; *Matter of Kip*, 1 Paige, 601; *Betsinger* v. *Chapman*, 88 N. Y. 487; *McDonald* v. *Hovey*, 110 U. S. 619; *Duffield* v. *Pike*, 71 Conn. 521; *Taylor* v. *Delancey*, 2 Caine's Cas. 143; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 154 N. Y. 278; *Yates Case*, 4 Johns. 318; *Matter of Brown*, 21 Wend. 316.) There is a presumption in respect to tax laws that they are intended to operate equitably, reasonably and uniformly, and they will receive no other construction at the hands of the courts unless it is compelled by unmistakable language in the law itself. (*People ex rel.* v. *Davenport*, 91 N. Y. 574; *Hubbard* v. *Brainard*, 35 Conn. 563, 568; *Varrick* v. *Briggs*, 6 Paige, 323; *W., etc., R. Co.* v. *C. d' A., etc., R. R. N. Co.*, 160 U. S. 77.) The word "persons," as used in laws providing for taxation, ordinarily includes corporations, unless the context shows that a different construction is required. (*Pharmaceutical Society*

v. *London, etc., Assn.*, L. R. [5 App. Cas.] 857; *B., etc., Ins. Co.* v. *Comrs. of Taxes*, 31 N. Y. 32; *People ex rel.* v. *U. Ins. Co.*, 15 Johns. 357.)   Private corporations are "persons," within the meaning of the fourteenth amendment to the United States Constitution, in the application of that provision to matters of taxation.   (*County of Santa Clara* v. *S. P. R. R. Co.*, 118 U. S. 394; *C., C. & A. Ry. Co.* v. *Gibbes*, 142 U. S. 386.)   The deduction of the liabilities of a corporation from the value of its taxable personal property, by which is meant its taxable capital stock less the deductions of the act of 1857, constitutes a necessary step in making the final assessment, which the assessors are required to take.   Liabilities as well as assets should be considered in assessing the capital stock of corporations, and the assessment should be of net assets.   (*People ex rel.* v. *Asten*, 100 N. Y. 597; *People ex rel.* v. *Coleman*, 126 N. Y. 433; *People ex rel.* v. *Wemple*, 138 N. Y. 582; *People ex rel.* v. *Barker*, 139 N. Y. 55; *People ex rel.* v. *Barker*, 141 N. Y. 196; *People ex rel.* v. *Barker*, 144 N. Y. 94; *People ex rel.* v. *Roberts*, 154 N. Y. 101.)   A rule by which assessors would be bound to discriminate between corporations and natural persons in respect to the deduction of indebtedness from assets would be violative of equality and uniformity, destructive in its operation and seriously opposed to the welfare of the state.   (*County of Santa Clara* v. *S. P. Ry. Co.*, 118 U. S. 394; *C., C. & A. Ry. Co.* v. *Gibbes*, 142 U. S. 386; *Stuart* v. *Palmer*, 74 N. Y. 183.)

HAIGHT, J.   The Cornell Steamboat Company is a domestic corporation engaged in the business of towing vessels upon the Hudson river and adjacent navigable waters, and having its office in the city of Kingston.   In the year 1898 the assessor for that city assessed the relator for personal property the sum of $250,000 in addition to its real estate.   Written objections to the assessment for personal property were filed with the assessor by the relator, together with a statement of the property and assets of the company.   Subsequently the testi-

mony of the president of the company was taken by the assessor, from which it appeared that the value of the relator's property was as follows :

| | |
|---|---:|
| Steamboats.......................... | $550,000.00 |
| Real estate.......................... | 149,200.00 |
| Amount due from persons.................... | 131,721.44 |
| Cash on hand.......................... | 18,193.87 |
| Materials and supplies.................... | 11,637.83 |
| Machinery and tools.................... | 30,000.00 |

| | | |
|---|---:|---:|
| Total ..................................... | | $890,753.14 |
| Deduct amount due others........ | $96,301.37 | |
| Mortgage indebtedness........... | 700,000.00 | |
| Real estate..................... | 149,200.00 | |
| | | 945,501.37 |
| Leaving a deficiency of................. | | $54,748.23 |

It also appeared that the capital stock of the corporation was $750,000, and that out of the earnings of the company a dividend has been paid annually of six per cent upon its capital stock, together with the interest upon its bonded indebtedness. It also appeared that in 1893 the relator purchased the boats, franchise and business of another company, for which it paid $300,000, and at that time increased its mortgage indebtedness from $400,000 to $700,000. With reference to this transaction the president of the company testified that he regarded the franchise and business purchased worth more than the boats; that he did not regard the franchise given to a steamboat company by the state of any value whatever except as a form under which to do business; that it did not convey any exclusive privileges as in the case of a railroad, but simply admits an organization by which people can join together and do business under a state law, and in stating the value of the franchise purchased he wished it to be understood that he regarded it as depending solely on the good will of the business concern purchased.

It is now contended, on behalf of the assessor, that in making

the assessment for personal property he had the right to assume from the fact that the company paid a dividend annually of six per cent that its capital stock remained unimpaired. It must be conceded that the assessor had the right to avail himself of such assumption in determining the amount which should be assessed for personal property. This right has been distinctly recognized in the cases of *People ex rel. Equitable Gas Light Co.* v. *Barker* (144 N. Y. 94) and *People ex rel. Manhattan Ry. Co.* v. *Barker* (146 N. Y. 304). These cases arose under the old Constitution and before the power of this court to review was limited by the provisions of the Constitution to questions of law only. If the Special Term and the Appellate Division had affirmed the assessment based upon the assumption referred to we should have had no power to interfere unless it could have been shown that some other basis of making the assessment had been adopted which was unauthorized.

The power of the Supreme Court to review assessments, given by section 253 of the Tax Law, is ample to permit a review of the facts. It may, even, take the testimony of witnesses and determine the facts anew. In this case it appears that the assessor did not believe the statement of the corporation, to the effect that its indebtedness was greater than the value of its personal property, and, therefore, made an assessment upon the assumption that the capital stock remained unimpaired. The Special Term differed with the assessor in this, that it did believe the statement made by the corporation, that its indebtedness did exceed the value of the personal estate, and, therefore, struck out the assessment. The question is purely one of fact, which, under the provisions of the Constitution, we have no power to review, so far as this branch of the case is concerned.

A question has arisen as to whether there is any authority in law for a deduction of the debts of a corporation in assessing its personal property for town, county and municipal purposes. Upon this question able briefs have been submitted by counsel, in which is disclosed a history of the tax laws from

the beginning of the nineteenth century. We have not thought it necessary to enter upon an extended review of former statutes, for, to our minds, the answer that should be given to the question, under existing laws, is reasonably clear. It must be conceded that the Tax Law of 1896 does not, in express terms, direct the deduction of debts of corporations in assessing their personal property, but that such a deduction was intended by the legislature we have no reasonable doubt. Under prior laws they were deductible, as this court has repeatedly held. (*People ex rel. G. F. Ins. Co.* v. *Ferguson,* 38 N. Y. 89; *People ex rel. Thurman* v. *Ryan,* 88 N. Y. 142; *People ex rel. Butchers' H. & M. Co.* v. *Asten,* 100 N. Y. 597; *People ex rel. Comm. Ins. Co.* v. *Coleman,* 112 N. Y. 565; *People ex rel. U. T. Co.* v. *Coleman,* 126 N. Y. 433; *People ex rel. Edison El. Il. Co.* v. *Barker,* 139 N. Y. 55; *People ex rel. S. A. R. R. Co.* v. *Barker,* 141 N. Y. 196; *People ex rel. Eq. Gas Light Co.* v. *Barker,* 144 N. Y. 94; *People ex rel. Man. Ry. Co.* v. *Barker,* 146 N. Y. 304; *People ex rel. C. T. & E. Subway Co.* v. *Barker,* 7 App. Div. 27; affd., 151 N. Y. 639; *People ex rel. Man. Ry. Co.* v. *Barker,* 152 N. Y. 417; *People ex rel. Bridgeport S. Bank* v. *Barker,* 154 N. Y. 128; *People ex rel. N. Y. & N. J. Tel. Co.* v. *Neff,* 15 App. Div. 8; affd., 156 N. Y. 701.) Under the Laws of 1885 (Ch. 411, § 4), as amended by chapter 202 of the Laws of 1892, such debts are still required to be deducted in counties having a population of upwards of three hundred thousand inhabitants. The fact that this statute was left unrepealed, we think, is an indication that the legislature did not intend to change the law upon the subject as it had theretofore existed; for no reason is apparent why corporations in one county should be treated with a greater liberality than those of another. This view is supplemented by the notes of the revisers, in which they state with reference to the section of the Tax Law pertaining to corporations that it is " without change of substance."

Section 21 of the present Tax Law, prescribing the duty of assessors, provides that " They shall prepare an assessment roll

1900.] People ex rel. Cornell S. Co. *v.* Dederick. 205

N. Y. Rep.]      Opinion of the Court, per Haight, J.

containing five separate columns, and shall, according to the best information in their power, set down : * * * 4. In the fourth column the full value of all the taxable personal property owned by each person respectively after, deducting the just debts owing by him." Section 37 provides that "When the assessors, or a majority of them, shall have completed their roll, they shall severally appear before any officer of their county, authorized by law to administer oaths, and shall severally make and subscribe before such officer an oath in the following form : ' We, the undersigned, do severally depose and swear * * * that the said assessment roll contains a true statement of the aggregate amount of the taxable personal estate of each and every person named in such roll over and above the *amount of debts due from such persons, respectively,* and excluding such stocks as are otherwise taxable, and such other property as is exempt by law from taxation, at the full value thereof, according to our best judgment and belief.' " It will thus be seen that, under section 21, we have express statutory authority for deducting the debts owing by persons, in the making up of the roll, and that under section 37 we have a statutory oath prescribed, in which the assessors are required to swear that they have deducted such debts. Under the Statutory Construction Law (§ 5) " The term person includes a corporation and a joint stock association." Considering sections 21 and 37 of the Tax Law in connection with this provision of the Statutory Construction Law, we are required to construe the word " person " as mentioned in those sections as also meaning corporations. This construction was evidently intended by the legislature for only one form of oath is prescribed for assessors in completing their rolls, and in that oath the term " persons " is used, and we cannot believe that it was intended to leave the assessment of corporations without any verification by the assessors. The only question that can be raised with reference to this interpretation arises under sections 12 and 31 of the Tax Law. Section 12 provides that " The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the

assessment roll or shall be exempt by law, together with its surplus profits or reserve funds exceeding ten per centum of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company which are taxable upon their capital stock under the laws of this state, shall be assessed at its actual value." Under the construction heretofore given to this statute "the capital stock" means actual tangible property of the company, and not its share stock, which is to be assessed at its actual value. (*People ex rel. U. T. Co.* v. *Coleman*, 126 N. Y. 433; *People ex rel. Man. Ry. Co.* v. *Barker*, 146 N. Y. 304; *People ex rel. Singer Mfg. Co.* v. *Wemple*, 150 N. Y. 46; *People ex rel. Chicago J. Ry., etc., Co.* v. *Roberts*, 154 N. Y. 1; *People ex rel. A. J. Johnson Co.* v. *Roberts*, 159 N. Y. 70.) It is true that nothing is said about the deduction of debts in this provision, but we find nothing in the section that would be in conflict with or prohibits such deduction. It would rather seem to be in harmony with the principle of deduction, for the value of the capital stock of a company, of necessity must depend largely upon the amount of the company's indebtedness It is quite different from a specific article of personal property owned by an individual. A corporation is a creation of the statute, and before its capital can be distributed among its stockholders its creditors must be paid, so that the actual value of the stock ordinarily means the value after the debts are paid.

But with section 31 of the Tax Law we have more difficulty. That section provides that " the assessors shall assess corporations liable to taxation in their respective tax districts upon their assessment rolls in the following manner : 1. In the first column the name of each corporation, and under its name the amount of its capital stock *paid in and secured to be paid in ;* the amount paid by it for real property then owned by it wherever situated ; the amount of all surplus profits or reserve funds exceeding ten per centum of their capital, after deducting therefrom the amount of said real property and the amount of its stock, if any, belonging to the state and to

incorporated literary and charitable institutions.   2. In the second column the quantity of real property owned by such corporation and situated within their tax district.   3. In the third column the actual value of such real property.   4. In the fourth column the amount of the capital stock *paid in and secured to be paid in* and of all of such surplus profits or reserve funds as aforesaid after deducting the sums paid out for all the real estate of the company wherever the same may be situated and then belonging to it, and the amount of stock, if any, belonging to the people of the state and to incorporated literary and charitable institutions."   If this section is to be literally construed, it must be conceded that it provides for a form of assessing corporations upon an entirely different basis than that provided for the assessment of persons in section 21, and that the form of oath provided for in section 37 would not cover an assessment made under section 31.   This provision of the statute is not new.   It comes down to us from 1 R. S. 415, § 6, as amended by chapter 654 of the Laws of 1853.   If a corporation were always to remain in the condition in which it was first organized, it is quite possible that this statute provides a method under which it could be assessed.   Its property would then be represented by the amount of the capital paid in and secured to be paid in, less the amount that it had paid out for real property; but if a corporation, in the conduct of its business, should meet with losses, and thereby seriously impair its capital, no change could be made by the assessors, but they would still be required to assess the corporation upon the basis of the amount of capital paid in and secured to be paid in. This defect in the system was discovered as early as 1853 (Ch. 654), and resulted in an amendment of section 10 of the Revised Statutes, above alluded to, so as to provide that the capital stock and the real estate of every such company " shall be assessed and taxed in the same manner as other personal and real estate of the county."   And again, in 1857, by chapter 456 (§ 3) it was provided that " The capital stock of every company liable to taxation, except such part of

it as shall have been excepted in the assessment roll, or as shall have been exempted by law, together with its surplus profits or reserve funds, exceeding ten per cent of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company, which are taxable upon their capital stock under the laws of this state, *shall be assessed at its actual value, and taxed in the same manner as the other personal and real estate of the county."* It will be observed that the concluding clause of this statute required the capital stock of a corporation to be assessed at its actual value in the same manner as the other personal and real estate of the county; so that one provision of the statute as it then stood required the assessors in assessing corporations to enter in the roll the capital stock paid in and secured to be paid in and to make the assessment upon that basis, while the other provision required the assessment to be made upon the basis of the actual value of the corporation's capital stock. The two provisions were so far in conflict that it was quite impossible for assessors to follow the requirements of both, and although they have been retained in our statutes, the former provision has been deemed to be amended or superseded by the act of 1857. This was held in the case of *People ex rel. Twenty-third St. R. R. Co.* v. *Comrs. of Taxes* (95 N. Y. 554). These provisions of the statute, without material change, have been continued in the revision of 1896, and we are now confronted with the same defects and conflicts that were considered by the court in the *Twenty-third Street R. R. Co. Case* (*supra*). Section 12 of the revision requires the capital stock of a corporation to be assessed at its actual value, while section 31 requires it to be assessed upon the basis of capital paid in and secured to be paid in. The two provisions are inconsistent and cannot well be harmonized. Prior to the revision, this court, as we have seen, determined that the statute requiring assessments to be made upon the basis of capital paid in, etc., had been superseded by the act of 1857. The new revision merely continued the existing statutes and does not give

1900.] People ex rel. Cornell S. Co. v. Dederick. 209

N. Y. Rep.]     Opinion of the Court, per Haight, J.

them additional force or effect. The provision incorporated in section 31 having already been superseded under a statute that has been continued in the revision, we think it should still be regarded as of no force.

So treating it, the other provisions alluded to are in harmony. Reading the Statutory Construction Law in connection with sections 12, 21 and 37 of the Tax Law, we find that the statute affords a simple method for the taxation of corporations, as well as individuals, providing for a deduction of the debts that are owing by either.

It is further contended on behalf of the assessor that the entire bonded indebtedness should not have been deducted from the value of the personal property in this case. The testimony upon this subject is undisputed, and we are, therefore, of the opinion that a question of law is presented. It appeared, as we have seen, that in 1893 the bonded indebtedness was increased from $400,000 to $700,000, and that this increase of the indebtedness was made for the purpose of purchasing the boats and good will of the business of another company. The evidence fails to show the precise amount that was paid for the boats of the company, or how much was paid for the good will of the business. The parties to the transaction, doubtless, did not know themselves; for, as we understand, the purchase was for a lump sum of $300,000, and that included the good will of the business with the tangible property. The president of the relator, however, in his testimony, after fixing the value of the boats owned by the company at $550,000, which included the boats purchased in 1893, stated that in making that purchase he regarded the good will of the business as worth more than the boats. This testimony, we think, permits us to properly treat as a fact in the case that at least one-half of the increased bonded indebtedness created in 1893, to wit, $150,000, was contracted for the good will of the business of the company then purchased by the relator.

Section six of the Tax Law provides that " No deduction shall be allowed in the assessment of personal property by reason of the indebtedness of the owner contracted or incurred

27

**210**    People ex rel. Cornell S. Co. *v.* Dederick.   [Jan.,

Opinion of the Court, per Haight, J.     [Vol. 161.

in the purchase of non-taxable property," etc. Good will, like a franchise, is a privilege which the courts will protect as a right of value. As such it is property, though intangible. Under the Franchise Tax Law of corporations it is taxable with the franchise as forming a part of the value of the share stock. (*People ex rel. A. J. Johnson Co.* v. *Roberts*, 159 N. Y. 70; *People ex rel. Wiebusch & H. Co.* v. *Roberts*, 154 N. Y. 101.) But good will, as such, is not taxable for general town, county or municipal purposes. It is not real estate, nor is it personal property as defined by the provisions of the Tax Law. Section two, subdivision four, of that law provides that " the terms ' personal estate,' and ' personal property,' as used in this chapter, include chattels, money, things in action, debts due from solvent debtors, whether on account, contract, note, bond or mortgage; debts and obligations for the payment of money due or owing to persons residing within this state, however secured or wherever such securities shall be held; debts due by inhabitants of this state to persons not residing within the United States for the purchase of any real estate; public stocks, stocks in moneyed corporations, and such portion of the capital of incorporated companies, liable to taxation on their capital, as shall not be invested in real estate." It will be observed that good will is not included as personal property as used in this section, and is consequently not included as personal property liable to taxation. The clause " And such portions of the capital of incorporated companies liable to taxtion on their capital " has reference to the actual value of the tangible property of incorporated companies and not to the value of its share stock, which would include its franchise and good will, which is taxable, as we have seen, under another statute. (*People ex rel. Manhattan Ry. Co.* v. *Barker*, 146 N. Y. 304, 312; *People ex rel. Union Trust Co.* v. *Coleman*, 126 N. Y. 433.) It, consequently, follows that good will is not taxable property for town, county and municipal purposes, and that debts or liabilities contracted in the purchase of such property should not be deducted from the value of the taxable personal property.

By deducting from the value of the assets the sum of $550,000, instead of $700,000, as the amount of the mortgage indebtedness, we have remaining the sum of $95,251.77 as the value of the relator's personal property, for which sum it should be assessed.

The orders of the Appellate Division and of the Special Term should be modified so as to reduce the assessment to the sum above designated, and as so modified affirmed, without costs of this appeal to either party.

All concur (PARKER, Ch. J., in result).

Ordered accordingly.