# KEOKEE CONSOLIDATED COKE COMPANY *v.* TAYLOR.

## SAME *v.* KELLY.

### ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

Nos. 372, 373. Submitted May 7, 1914.—Decided June 8, 1914.

This court does not go behind the construction given to a state statute by the state courts.

A state statute aimed at an evil and hitting it presumably where experience shows it to be most felt is not unconstitutional under the equal protection provision of the Fourteenth Amendment because there might be other instances to which it might be equally well applied.

It is for the legislature to determine to what classes a police statute shall apply; and unless there is a clear case of discrimination the courts will not interfere.

Section 3 of Chapter 391, Virginia Laws of 1888, reënacting the act of 1887 aimed at the evil of payment of labor in orders redeemable only at the employers' shops and forbidding certain classes of employers of labor to issue any order for payment thereto unless purporting

to be redeemable for its face value in lawful money of the United States, is not an unconstitutional denial of equal protection of the law because it does not apply to other classes of employers who also own shops and pay with orders redeemable in merchandise.

THE facts, which involve the constitutionality of a statute of Virginia providing for method of payment of employés of certain industries, are stated in the opinion.

*Mr. J. F. Bullitt* and *Mr. R. T. Irvine* for plaintiff in error:

The Virginia act is repugnant to the Fourteenth Amendment of the Constitution of the United States, nor is it a valid exercise of police power.

The act is not constitutional; it does not embrace all of a class.

The act is class legislation even though it should be held to be a police regulation.

If an act is repugnant to the Constitution, it is not saved by the police power doctrine. The usual statement of the doctrine is too broad.

The burden is on plaintiffs to show that the act is within the police power.

The act would injure rather than benefit employés as well as employers.

In support of these contentions, see Virginia Code (Pollard), § 3657-d, cl. 1, 2, 3; *Avent-Beattyville Coal Co.* v. *Commonwealth*, 28 L. R. A. 273; *Braceville Coal Co.* v. *People*, 147 Illinois, 66; *Frorer* v. *People*, 141 Illinois, 171; *Lockner* v. *New York*, 198 U. S. 45; *Millett* v. *People*, 117 Illinois, 294; *Peal Coal Co.* v. *State*, 36 W. Va. 802; *State* v. *Goodwell*, 10 S. E. Rep. 285; *State* v. *Loomis*, 115 Missouri, 307; *State* v. *Missouri Tie Co.*, 181 Missouri, 536; Cooley's Const. Lim. (7th Ed.) 561; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *State* v. *Froehlich*, 115 Wisconsin, 32; *S. C.*, 91 N. W. 115; *People* v. *Jackson Road Co.*,

9 Michigan, 285, 307. *Dayton Coal & Iron Co.* v. *Barton,* 183 U. S. 13, distinguished.

*Mr. J. C. Noel* and *Mr. C. T. Duncan* for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

These are actions of assumpsit brought by the defendants in error upon orders signed by employés of the plaintiff in error and addressed to it, directing it to pay to bearer 'in merchandise only from your store,' to the value specified. These orders were upon scrip issued by the plaintiff in error as an advance of monthly wages in payment for labor performed, and the only controversy between the parties arises from the refusal of the plaintiff in error to pay the indicated amounts in money. The facts were agreed, the Circuit Court gave judgment for the plaintiff and a writ of error was refused by the Supreme Court of Appeals. The ground of the judgment was an act of February 13, 1888, c. 118, amending and reënacting an act of 1887, c. 391, § 3, forbidding any person, firm, or corporation, engaged in mining coal or ore, or manufacturing iron or steel or any other kind of manufacturing to issue for the payment of labor any order unless the same purported to be redeemable for its face value in lawful money of the United States. The plaintiff in error saved its rights under the Fourteenth Amendment and when the Court of Appeals refused to hear the cases brought them here. The writ of error was allowed on September 25, 1912. *Norfolk & Suburban Turnpike Co.* v. *Virginia,* 225 U. S. 264, 269.

Of course we do not go behind the construction given to the state law by the state courts. The objections that are urged here are that the statute interferes with freedom of contract, and, more especially, that it is class legislation

of a kind supposed to be inconsistent with the Fourteenth Amendment; a West Virginia decision upon a similar statute being cited to that effect. *State* v. *Goodwill*, 33 W. Va. 179. The former of these objections, however, is disposed of by *Knoxville Iron Co.* v. *Harbison*, 183 U. S. 13, and *Dayton Coal & Iron Co.* v. *Barton*, 183 U. S. 23.

It is more pressed that the act discriminates unconstitutionally against certain classes. But while there are differences of opinion as to the degree and kind of discrimination permitted by the Fourteenth Amendment, it is established by repeated decisions that a statute aimed at what is deemed an evil, and hitting it presumably where experience shows it to be most felt, is not to be upset by thinking up and enumerating other instances to which it might have been applied equally well, so far as the court can see. That is for the legislature to judge unless the case is very clear. *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61, 81. *Central Lumber Co.* v. *South Dakota*, 226 U. S. 157, 160. *Patsone* v. *Pennsylvania*, 232 U. S. 138, 144. The suggestion that others besides mining and manufacturing companies may keep shops and pay their workmen with orders on themselves for merchandise is not enough to overthrow a law that must be presumed to be deemed by the legislature coextensive with the practical need.

*Judgments affirmed.*