## McDERMOTT v. CITY OF SEATTLE et al.
### No. 1031.

District Court, W. D. Washington, N. D.
Oct. 31, 1933.

Joseph P. McDermott, in pro. per.

A. C. Van Soelen, Corp. Counsel, and Walter L. Baumgartner, Asst. Corp. Counsel, both of Seattle, Wash., for defendant.

George G. Hannan, Asst. Atty. Gen., and Patrick Henry Winston, of Seattle, Wash., amici curiæ.

NETERER, District Judge.

The plaintiff alleges that he is conducting a barber shop on private property in the city of Seattle in compliance with state laws, is duly licensed as a barber, and employs in his shop 15 or more licensed barbers; that he has $25,000 invested in his shop, and has for more than 25 years conducted his shop as "open hours," providing barber service until 11 p. m. every week day, which service is sustained by persons engaged in water, rail, motor and motor bus transportation, and other persons so engaged as to make them wholly dependable upon late hours barber shops for barber services; that he has by such "open hours" shop established a "good will" and trade of great value; that the defendant city has, pursuant to an act of the Legislature delegating to the city, with others, authority therefor (Laws of Washington 1933, c. 120), enacted Ordinance No. 63944, making it unlawful to keep open a barber shop of the defendant city, except from 6 a. m. to 6 p. m. on all week days, except Saturdays and days immediately preceding holidays, when it may remain open until 7 p. m.

The plaintiff claims the ordinance violates section 1, article 14, of the Amendments to the Constitution in that it deprives him of property without due process.

Defendant moves to dismiss (a) because the bill does not state matters to warrant equitable relief; (b) no sufficient facts are stated to support any relief. The Attorney General of the state of Washington and attorney for, it is announced at bar, the barber association, composed of 400 barbers, appears, by the court's permission, as amicus curiæ in support of the ordinance.

The charge that the ordinance is discriminatory in that beauty parlors and hairdressing establishments are not included, fails. The difference between the activity in beauty parlors and the general practice of barbering, as defined by statute (sections 8278-1 to 8278-4, Rem. Rev. Stat. of Washington), is obvious. Any reasonable basis for classification, not purely arbitrary is within the legislative power, and, if a basis can be reasonably conceived, such must be assumed at the time of enactment, even if not made with mathematical nicety, resulting in some inequality. Lindsley v. Natural Carbonic Gas Company, 220 U. S. 61, 31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160. If a law suppresses an evil where it is most felt, the prohibition need not be all-embracing. Keokee Consolidated Coke Company v. Taylor,

234 U. S. 224, 227, 34 S. Ct. 856, 58 L. Ed. 1288. Failure to extend the ordinance to beauty parlors, etc., which have their own conditions and circumstances, does not create an arbitrary discrimination against barber shops. Miller v. Wilson, 236 U. S. 373, 35 S. Ct. 342, 59 L. Ed. 628, L. R. A. 1915F, 829. Strict conformity of an ordinance to express specific legislative grant is no more amenable to judicial review than state law. Roach v. Ephren, 82 Fla. 523, 90 So. 609; State v. Wilson, 101 Kan. 789, 168 P. 679, L. R. A. 1918B, 374.

The court must presume the city legislators, under such authorization, acted in the exercise of their official responsibility and by public authority, within the constitutional limitations. United States v. Castillero, 67 U. S. (2 Black) 17, 17 L. Ed. 360. And the court may not inquire into the legislative motive. United States v. Des Moines, etc., R. Co., 142 U. S. 510, 12 S. Ct. 308, 35 L. Ed. 1099; Arizona v. California, 283 U. S. 423, 51 S. Ct. 522, 75 L. Ed. 1154. Nor is the right of the individual inviolate, but is subject to the power of the state to prescribe rules of civic conduct in the interest of public safety, morals, and health and for the common good. Sovereignty is vested in the people. Rights guaranteed by the Constitution are sacred and are saved to the individual not only against autocratic power, but against the people themselves, acting through their legislative bodies. The equal protection clause of the 14th Amendment is a guarantee against state or municipal infringement, and this amendment admits of wide discretion.

The 14th Amendment, however, may not be ignored.

All matter well pleaded is by the motion to dismiss, for the purpose, confessed. Gerber v. Schofield (D. C.) 43 F.(2d) 222, 225. The good will is benefit acquired beyond capital invested, in the instant case the barber trade for 25 years in the "open shop" hours until 11 p. m., and this good will is a valuable property right. Senter v. Davis, 38 Cal. 450; Bell v. Ellis, 33 Cal. 630; Carey v. Gunnison (Iowa) 17 N. W. 881; Hansen Mercantile Co. v. Wyman Partridge & Co., 105 Minn. 491, 117 N. W. 926, 21 L. R. A. (N. S.) 727; People v. Dederick, 161 N. Y. 195, 55 N. E. 927; Washburn v. National Wall-Paper Co. (C. C. A.) 81 F. 17; Thoms v. Sutherland (C. C. A.) 52 F.(2d) 592 at page 597. Good will is taxed as capital employed in the state by a nonresident. People v. Roberts, 159 N. Y. 70, 53 N. E. 685, 45 L. R. A. 126. And may be sold as other personal property. Carruthers v. McMurry, 75 Iowa, 173, 39 N. W. 255. And the owner is entitled to the same exclusive enjoyment of it as he has in that of his tangible possessions. Esselstyn v. Holmes, 42 Mont. 507, 114 P. 118. The good will of the plaintiff in his "open hours" barber shop is a vested right, and is property in the sense in which tangible things are property, and is equally protected against arbitrary interference, and it is not competent for the state or city to take it away. Pritchard v. Norton, 106 U. S. 124, at page 132, 1 S. Ct. 102, 27 L. Ed. 104. And this vested right appears as binding as though vested by title deed. A mining claim perfected under the law, even though not vested by title deed, is property in the highest sense of that term. Sullivan v. Iron Silver Mining Co., 143 U. S. 431, 434, 12 S. Ct. 555, 36 L. Ed. 214. By the same token, established good will is vested interest and property, as binding as though vested by title deed and equally protected, and within the sheltering fold of the 14th Amendment " * * * nor shall any State deprive any person of life, liberty, or property, without due process of law. * * * "

The ordinance takes from the plaintiff, trade for assumed public benefit, five hours— 6 p. m. to 11 p. m.—every day except the days before holidays and Sundays, when four hours are taken—7 p. m. to 11 p. m.—approximately one-third of his good will (property) without compensation. This the city has no power to do. See, also, cases in margin.[1] Hours of labor, sanitation, or regulation of the barber trade are not involved, and general welfare, upon the admitted facts, may not overcome the limitations of the 14th Amendment.

The cases cited by the defendants are clearly distinguishable from the facts in this case, and analysis would unduly extend this opinion.

An order may be presented on notice enjoining the city from enforcement of this ordinance as to the plaintiff pending this action.

[1] Lusk v. Town of Dora (D. C.) 224 F. 650; Pacific Tel. & Tel. Co. v. City of Seattle (D. C.) 14 F. (2d), 877, 879; Home Tel. Co. v. Los Angeles, 227 U. S. 278, 33 S. Ct. 312, 57 L. Ed. 510; Yee Gee v. City and County of San Francisco (D. C.) 235 F. 757; Seattle v. Ford, 144 Wash. 107, 257 P. 243.