## A. J. FRANKE v. JOHN ALLEN.
## STATE HIGHWAY DEPARTMENT, GARNISHEE.[1]

March 25, 1937.

No. 31,202.

*William W. Fink,* for appellant.
*Smith, Waldorf & Sehm,* for respondent.

STONE, JUSTICE.

Defendant appeals from an order denying his motion, made on special appearance for that purpose, to dismiss the garnishment proceedings which are the subject of what follows.

Defendant is employed by the state highway department as a senior research associate. The fund impounded by the garnishment was the nonexempt portion of compensation due him from the state. Such garnishment is expressly permitted by 2 Mason Minn. St. 1927, § 9360-1.

The principal argument for defendant is that he and his coemployes of the highway department, by having their compensation subjected to garnishment, have been made the victims of unconstitutional "special and class legislation" (Minn. Const. art. 4, §§ 33-34), and are deprived of the equal protection and due process of law.

What that argument ignores is fatal to it. It is that no person has any natural or constitutional immunity from having his debtor

[1]Reported in 272 N. W. 165.

garnisheed. The legislature may not impair the constitutional rights of persons as such. But it may say what immunities they shall not have as state officers or employes. That of which defendant complains is the violation of an assumed right or immunity belonging to him as a state employe. But the legislature has declared that he, and all in his class, shall have no such right. That is enough. There is nothing judges can do about it. Compare Miller v. Wilson, 236 U. S. 373, 35 S. Ct. 342, 59 L. ed. 628, L. R. A. 1915F, 829.

There is a special claim that due process is lacking in that the statute, § 9360-1, has no mandate that the commissioner of highways, or his representative making the disclosure, appear personally before the court to make the garnishment disclosure. Assuming that the defendant has a right to cross-examine the garnishee, it is not denied by the statute because, under § 9375, the defendant can raise and have determined, judicially, any proper issue.

Equally without merit is the argument that the language of § 9360-1, subjecting to garnishment "moneys due and owing" by the state through the highway department, refers only to money which was due at the time of the passage of the act. To so hold would adopt a strained construction, prevent the obvious purpose, and convict the legislature not only of passing a law that was unconstitutional but also nonsensical. See State ex rel. Smith v. Village of Gilbert, 127 Minn. 452, 149 N. W. 951.

Order affirmed.