CAPITOL MUTUAL BENEFIT ASSOCIATION, A CORPORA-
TION, PROSECUTOR, v. THE STATE OF NEW JERSEY,
ON COMPLAINT OF THE COMMISSIONER OF BANK-
ING AND INSURANCE, RESPONDENT.

Submitted November 24, 1937—Decided December 6, 1937.

194

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *William A. Moore, Robert Carey, Jr., R. Wayne Kraft, William Harris* and *John H. Switzer.*

For the respondent, *David T. Wilentz,* attorney-general (*Louis J. Cohen,* assistant attorney-general, of counsel).

The opinion of the court was delivered by

PERSKIE, J. The determinative question, therefore, is whether the provisions of chapter 187, *Pamph. L.* 1936, *p.* 445, arbitrarily discriminates between prosecutor and other associations carrying on or doing a similar business. We do not think so.

The applicable test is well settled.

"It is within the competency of the legislature to classify objects of legislation; and in the exercise of this power it possesses a large measure of discretion. But the classification, to have the virtue of constitutional generality, must rest upon distinctions that are subtantial and not merely illusory. The test is whether the statutory class has a logical and reasonable basis, free from artificiality and arbitrariness, embracing all and omitting none naturally falling into that category. Is it legislation of such a character as is equally appropriate to all forming the statutory class, and is that class embracive of all in like situation and circumstances, and therefore natural members of the class so created? If, viewed in the light of the legislative design, the necessity of propriety of the classification reasonably appears, it is not within the constitutional interdict." *Raymond* v. *Township of Teaneck,* 118 *N. J. L.* 109 (at *p.* 111), and cases there cited; 191 *Atl. Rep.* 480. (Compare *Gulf C. & S. F. R. Co.* v. *Ellis,* 1⁵5 *U. S.* 150, 155; 41 *L. Ed.* 666, 668; *Smith* v. *Cahoon,* 283 *U. S.* 553, 566, 567; 75 *L. Ed.* 1264, 1274.)

That the legislature has the power to supervise and regulate mutual benefit associations, and that it also has the power to make classifications in the exercise of its power to supervise and regulate such associations so long as the classifications are not arbitrary but are in fact based on a real and substantial difference having a real relation to the subject of the particular legislation, is not subject to challenge; here, it is in fact conceded.

Prosecutor, however, contends in substance, that the act of 1936, *supra,* must fall because the classification is not reasonable; because it is clearly an attempt to make "a distinction between corporations identically alike in organization, capital and all other powers and privileges conferred by law" (*Cf. Cotting* v. *Godard,* 183 *U. S.* 79, 108, 109; 46 *L. Ed.* 92, 108); and because it is special legislation. These contentions are without merit both as to the law and the facts.

*First: As to the law.* In the case of *Sproles* v. *Binford,* 286 *U. S.* 374, 396; 76 *L. Ed.* 1167, 1183, it was held:

"* * * There is no constitutional requirement that regulation must reach every class to which it might be applied—that the legislature must regulate all or none. *Silver* v. *Silver,* 280 *U. S.* 117, 123; 74 *L. Ed.* 221, 225; 65 *A. L. R.* 939; 50 *S. Ct.* 57. The state is not bound to cover the whole field of possible abuses. *Palsone* v. *Pennsylvania,* 232 *U. S.* 138, 144; 58 *L. Ed.* 539, 543; 34 *S. Ct.* 281. The question is whether the classification adopted lacks a rational basis. *Lindsley* v. *Natural Carbonic Gas Co.,* 220 *U. S.* 61, 78; 55 *L. Ed.* 369, 377; 31 *S. Ct.* 337; *Ann. Cas.* 1912C, 160; *Keokee Consol. Coke Co.* v. *Taylor,* 234 *U. S.* 224, 227; 58 *L. Ed.* 1288, 1289; 34 *S. Ct.* 856; *Miller* v. *Wilson,* 236 *U. S.* 373, 384; 59 *L. Ed.* 628, 632; *L. R. A.* 1915F, 829; 35 *S. Ct.* 342; *Carley & Hamilton* v. *Snook,* 281 *U. S.* 66; 74 *L. Ed.* 704; 68 *A. L. R.* 194; 50 *S. Ct.* 204, *supra; Smith* v. *Cahoon,* 283 *U. S.* 553; 75 *L. Ed.* 1264; 51 *S. Ct.* 582, *supra.*"

Does membership in the prosecutor association, under the circumstances exhibited, form a sufficient basis for a separate classification? The legislature, in the exercise of its broad and sound discretion, thought so. Now what are some of the classifications that our courts have upheld?

In *New York, ex rel. Bryant* v. *Zimmerman,* 278 *U. S.* 63; 73 *L. Ed.* 84, it was held that members of the Ku Klux Klan are not deprived of the equal protection of the laws by being required to file their constitution, by-laws, rules, regulations, and oath of membership, and roster of membership, when members of labor unions, Masonic fraternities, Odd Fellows, Grand Army of the Republic, and Knights of Columbus are not required so to do. And as further pointed out (at *p.* 190, 73 *L. Ed.; p.* 74 of 278 *U. S.*):

"* * * classifications have been sustained which are based upon differences between fire insurance and other kinds of insurance (*Orient Insurance Co.* v. *Daggs,* 172 *U. S.* 557, 562; 43 *L. Ed.* 552, 554; 19 *Sup. Ct. Rep.* 281); between railroads and other corporations (*Tullis* v. *Lake Erie and Western Railroad Co.,* 175 *U. S.* 348, 351; 44 *L. Ed.* 192, 194; 20 *Sup. Ct. Rep.* 136), between barber shop employment and

other kinds of labor (*Petit* v. *Minnesota,* 177 *U. S.* 164, 168; 44 *L. Ed.* 716, 719; 20 *Sup. Ct. Rep.* 666); between 'immigrant agents' engaged in hiring laborers to be employed beyond the limits of a state and persons engaged in the business of hiring for labor within the state (*Williams* v. *Fears,* 179 *U. S.* 270, 275; 45 *L. Ed.* 186, 189; 21 *Sup. Ct. Rep.* 128); between sugar refiners who produce the sugar and those who purchase it (*American Sugar Ref. Co.* v. *Louisiana, supra*)."

*Second: As to the facts.* The objectives sought to be reached are clearly stated in the challenged act. Roughly stated, the legislation seeks to subject an association like that of prosecutor to the supervision of the state department of banking and insurance; it established minimum reserve requirements; it provides for the inclusion of standard clauses in the certificates issued to members; it prohibits the transaction of business without authority; and otherwise provides, regulates and controls the business of mutual benefit associations to the end of placing that type of business on a reasonable, safe and sound basis. In other words, the object of the legislation is for the protection of those who make contributions to a fund in order to be secured, to some extent, in the event of illness, disability or death. This is the true, and perhaps the only tie which a member of prosecutor's association has with the association. On the other hand, however, membership in most, if not all, in the exempt class provides, in addition to financial protection in some of them, activities altogether foreign to membership in prosecutor's association. These activities create invaluable and oft-times lasting ties of true brotherhood from which flow kindness, charity, mutual understanding and helpfulness. These activities further tend to emphasize good citizenship, loyalty and patriotism for our country, its institutions and its ideals. Associations whose members reap the benefits of such objectives, in addition to some financial protection, will merit exemption as a class.

We are firmly of the opinion that the classification is not arbitrary; that it is based on a real and substantial difference

and that difference has a real relation to the subject of the challenged legislation.

We have carefully considered prosecutor's contention that the act is violative of the due process clause of the federal constitution because it is confiscatory and find that contention, and all other points raised and argued, to be without merit.

The writ of *certiorari* is accordingly dismissed, and the judgment of the District Court is affirmed, with costs.