**LATTAVO BROS., Inc.  v.  HUDOCK.**
**Civ. A. No. 10483.**

United States District Court
W. D. Pennsylvania.
Nov. 12, 1953.

Ernie Adamson, Pittsburgh, Pa., for plaintiff.

H. F. Stambaugh, Special Counsel, Pittsburgh, Pa., Frank F. Truscott, Atty. Gen., for defendant.

Edward M. Reidy, Chief Counsel, and Nell Guinn, Washington, D. C., amici curiae for Interstate Commerce Com'n.

Before STALEY, Circuit Judge, and GOURLEY, Chief District Judge, and MARSH, District Judge.

STALEY, Circuit Judge.

This is a suit for a permanent injunction, restraining defendant from enforcing certain of the weight limitations of the Pennsylvania Motor Vehicle Code against plaintiff's vehicles. Most of the important facts were stipulated.

Plaintiff, an Ohio corporation, is a common carrier by motor truck and operates between points in Ohio and western Pennsylvania under a consolidated certificate issued by the Interstate Commerce Commission. Defendant commands the squadron of the Pennsylvania State Police having jurisdiction of that part of the state over which plaintiff operates.

In carrying out their duty to enforce the maximum weight provisions of the Pennsylvania Motor Vehicle Code, defendant's subordinates have stopped and weighed plaintiff's vehicles and, when found to be overweight, have detained the vehicle until the excess was removed and arrested and caused the driver to be fined. There appear to have been quite a few such incidents, but the one that brought matters to a head occurred on March 11, 1952. On that day, defendant's subordinates stopped and weighed petitioner's truck and four-wheeled trailer in Freedom, Beaver County, Pennsylvania. The outfit as a whole was found to be within the legal limits, but the gross weight of the four-wheeled trailer was 30,680 pounds, which was 3,380 pounds over the maximum gross weight allowed by Section 903(c) of the Motor Vehicle Code [1] for a Class G four-wheeled trailer. This vehicle was registered under the laws of Ohio.

Plaintiff asserts that the application of the maximum-weight laws of the Pennsylvania Motor Vehicle Code to its vehicles, traveling in interstate commerce and properly registered and in compliance with Ohio's maximum weight laws, imposes an unreasonable burden upon interstate commerce, in violation of the Commerce Clause of the Federal Constitution, art. 1, § 8, cl. 3. Because

---

1. "(c) Trailers and semi-trailers, except· trailers designed and used exclusively for living quarters, shall not be used or operated on any highway with gross weight exceeding those specified for the several classes as follows:

Four-Wheeled (2 Axles)

Maximum

:

| Trailer or Semi-Trailer Class. | Gross Weight Weight in Pounds. | Gross Weight in Pounds. |
|---|---|---|
| * | * * * | * * |
| G | 6000 and over, | 26000" |

Act of May 1, 1929, P.L. 905, 75 Purdon's Pa.Stat.Ann. § 453(c).

The apparent discrepancy in the excess weight is explained by the penalty provisions of Section 903 which, in effect, grant a 5% tolerance.

of this attack upon the enforcement of a state statute on grounds of unconstitutionality, a statutory court of three judges was convened.[2]

█ Except for one or two points which we will discuss later, plaintiff's contentions do not present a substantial federal question. It is no longer open to dispute that a state, in the exercise of its police power and in the absence of Congressional action, may impose reasonable restrictions upon the weight and size of vehicles which travel over its highways, equally applicable to intrastate and interstate commerce, without running afoul of the Commerce or Due Process Clauses, art. 1, § 8, cl. 3 and Amend. 14. Maurer v. Hamilton, 1940, 309 U.S. 598, 60 S.Ct. 726, 84 L.Ed. 969; South Carolina State Highway Department v. Barnwell Brothers, Inc., 1938, 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734; Sproles v. Binford, 1932, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167; Morris v. Duby, 1927, 274 U.S. 135, 47 S.Ct. 548, 71 L.Ed. 966. Those cases give a conclusively adverse answer to nearly every one of the many points raised by plaintiff. If this were all there were to the case, there would have been no justification for convening three judges. California Water Service Co. v. City of Redding, 1938, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 1934, 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318. There is more, however, and it is the interesting part.

Section 409(b)[3] of the Pennsylvania Motor Vehicle Code authorizes the Secretary of Revenue to enter into agreements with other states, exempting residents of those states from compliance with Pennsylvania's law relating to equipment, inspection, size, weight, and construction of vehicles which may be operated in Pennsylvania, provided that such residents comply with the laws of their state and provided that like exemptions are granted to Pennsylvania residents when using the highways of the other state. There was introduced into evidence a letter, dated September 6, 1938, from the then Secretary of Revenue to the Secretary of State of the State of Delaware, to the effect that Pennsylvania weight limitations would not apply to vehicles while in Pennsylvania if they were registered in Delaware and in compliance with Delaware's laws, when carrying loads originating outside of Pennsylvania. The evidence shows that that reciprocal agreement was cancelled as of April 20, 1952, and it appears to have been the only one ever entered into. Plaintiff asserts, however, that, because of the Delaware agreement, Pennsylvania weight laws discriminated unfairly against citizens of other states·and that the effect of Section 409(b) of the Motor Vehicle Code was to abrogate weight-limit laws in Pennsylvania and to show that they were not at all related to safety or preserving the roads. It is said that since the Secretary may agree to allow trucks operated by residents of other states to operate in Pennsylvania at the weights allowed by their home states, Pennsylvania might have forty-eight different weight laws, having nothing to do with safety. Thus, the argument goes, the weight restrictions are an invalid exercise of the police power. In reply, defendant insists that, even if Section 409(b) were unconstitutional, it is

---

2. 28 U.S.C. §§ 2281 and 2284.

3. "(b) The secretary shall also have the authority to make agreements with the duly authorized representatives of other states, exempting the residents of such other states using the highways of this Commonwealth from compliance with any or all of the provisions of article eight and article nine of this act, with such restrictions, conditions, and privileges, or lack of them, as he may deem advisable, providing that all vehicles owned by nonresidents shall conspicuously display a registration plate, and comply with all the provisions of the laws of the state of residence of their owner relating to equipment of vehicles, and that residents of this Commonwealth, when using the highways of such other state, shall receive exemptions of a similar kind to a like degree." Act of May 1, 1929, P.L. 905, § 409, as amended, 75 Purdon's Pa.Stat. Ann. § 99(b).

severable and, therefore, does not taint the entire weight-restriction scheme. Section 409(b) had never been interpreted by the Pennsylvania courts. Consequently, in accordance with Shipman v. DuPre, 1950, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877, and American Federation of Labor v. Watson, 1946, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873, we retained jurisdiction of the cause but stayed proceedings in this court to afford the parties an opportunity to obtain a determination of the constitutionality of Section 409(b) and the interrelated weight-limitation provisions by the state courts and, if unconstitutional, a determination as to severability. The defendant in this court brought a declaratory judgment action in the Court of Common Pleas of Dauphin County. That court assumed Section 409(b) to be unconstitutional but held it severable from the remainder of the Code.[4] The court traced the history of the Motor Vehicle Code, stating that, as originally enacted in 1929, it did not contain Section 409(b) or any similar subsection. That subsection was an amendment, enacted in 1937. Both the 1929 Act and the 1937 amendment contained identical severability clauses.[5] In 1939, Section 409 was further amended, but not as to subsection (b). Furthermore, the Statutory Construction Act has more to say about severability.[6] The Dauphin County Court adverted also to the rule that a statute, itself constitutional, is not affected by an unconstitutional amendment. Frost v. Corporation Commission, 1929, 278 U.S. 515,

526–527, 49 S.Ct. 235, 73 L.Ed. 483; Mazurek v. Farmers' Mut. Fire Ins. Co., 1935, 320 Pa. 33, 181 A. 570, 102 A.L.R. 798.

■ As we have said, we have a state determination of severability but not by the state's highest court. In the state action, the plaintiff was successful and could not, and the defendant did not, appeal. We must accept a state's determination of the severability of the various sections of its own statute. Allen-Bradley Local v. Wisconsin Employment Relations Board, 1942, 315 U.S. 740, 747–748, 62 S.Ct. 820, 86 L.Ed. 1154. Nor may we deviate from that determination because it is not a pronouncement of the highest court of the state. Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109. But cf. King v. Order of United Commercial Travelers, 1948, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608. Indeed, we are not only not " * * * convinced * * * that the highest court of the state would decide otherwise," West v. American Telephone & Telegraph Co., 1940, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139, but we are convinced that the Supreme Court of Pennsylvania would hold just as the Court of Common Pleas of Dauphin County did.

■ With Section 409(b) severable from the weight provisions of the Motor Vehicle Code, plaintiff's argument that that subsection made the weight limits bad by showing that they were not based upon considerations of safety or high-

---

4. No. 41 Commonwealth Docket 1953.

5. "The provisions of this act are severable, and, if any provision thereof is held to be unconstitutional, the decision so holding shall not be construed as affecting or impairing any other provision of this act or the act as a whole. It is hereby declared as the legislative intent that this act would have been adopted had such unconstitutional provision not been included therein." Act of May 1, 1929, P.L. 905, § 105, 75 Purdon's Pa.Stat. Ann. § 5. Section 20 of the Act of June 29, 1937, P.L. 2329, was identical to that quoted above.

6. "The provisions of every law shall be

severable. If any provision of a law is found by a court of record to be unconstitutional and void, the remaining provisions of the law shall, nevertheless, remain valid, unless the court finds the valid provisions of the law are so essentially and inseparably connected with, and so depend upon, the void provision, that it cannot be presumed the Legislature would have enacted the remaining valid provisions without the void one; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent." Act of May 28, 1937, P.L. 1019, § 55, 46 Purdon's Pa.Stat.Ann. § 555.

way preservation fails. The alternative contention, that Section 409(b) plus the Delaware agreement, but considered quite apart from the weight sections of the Code, was discriminatory against Ohio residents; fails for lack of a present showing of harm. That is, the Delaware agreement has been cancelled, and, without it, plaintiff cannot show that he now suffers. This he must do, for the right to relief by injunction depends upon the factual situation as of the time of the decree rather than as of the filing of the bill. United Corporation v. Federal Trade Commission, 4 Cir., 1940, 110 F.2d 473.

██ Finally plaintiff points to supposedly contradictory provisions as to weight and speed and concludes that the weight restrictions are unreasonable because in reality they are wholly unrelated to safety. For instance, by Section 903(a) the maximum weight of a Class Z gas-powered commercial vehicle is 30,000 pounds, while by Section 903 (b) an electrically powered commercial vehicle of the same class may weigh only 26,000 pounds; Section 1002(c), 75 P. S. § 501(c), allows buses to go twenty miles per hour faster than truck-trailer combinations even though the latter may have more tires and brake drums than the bus. But these putative inequities have not been shown to have harmed plaintiff. It may not conjure possible harm to some future plaintiff; it may complain only of those features of the Code that injure it. Watson v. Buck, 1941, 313 U.S. 387, 402, 61 S.Ct. 962, 85 L.Ed. 1416; Commonwealth v. Alderman, 1923, 275 Pa. 483, 119 A. 551. Nor is the Motor Vehicle Code unconstitutional because it does not cure every highway problem at one stroke. Keokee Consolidated Coke Co. v. Taylor, 1914, 234 U.S. 224, 34 S.Ct. 856, 58 L.Ed. 1288; Patsone v. Pennsylvania, 1914, 232 U.S. 138, 34 S.Ct. 281, 58 L.Ed. 539.

Plaintiff has made other contentions which we find without merit.

For the reasons stated, plaintiff's petition will be dismissed at its cost.

## Findings of Fact

1. Plaintiff, an Ohio corporation, is a common carrier by motor truck between points in Ohio and western Pennsylvania under a consolidated certificate issued by the Interstate Commerce Commission.

2. Defendant commands Squadron One of the Pennsylvania State Police and, as such, supervises the administration and enforcement of the Pennsylvania Motor Vehicle Code, 75 P.S.Pa. § 1 et seq., over that part of Pennsylvania to which plaintiff's operations are confined.

3. The amount in controversy exceeds $3,000, exclusive of interest and costs.

4. On March 11, 1952, members of the Pennsylvania State Police who are subordinates of defendant stopped and weighed one of plaintiff's vehicles in Freedom, Beaver County, Pennsylvania. This vehicle consisted of a truck and four-wheeled trailer and was duly registered under the laws of Ohio. Plaintiff operates other trucks which are also registered under the laws of that state.

5. The respective weights of the truck and trailer were as follows:

| | |
|---|---|
| Front axle of truck | 6,830 pounds |
| Rear axle of truck | 16,800 ″ |
| | 23,630 ″ |
| Front axle of trailer | 16,100 ″ |
| Rear axle of trailer | 14,580 ″ |
| | 30,680 ″ |

The maximum gross weight allowed the trailer under section 903(c) of the Pennsylvania Motor Vehicle Code is 26,000 pounds.

6. The reduction of the gross weights of plaintiff's trucks to the limits prescribed by the laws of Pennsylvania will reduce the pay load which may be hauled by plaintiff and, consequently, will reduce plaintiff's gross revenue.

7. Pennsylvania and Ohio have received substantial sums of money from the United States under the Federal

Highway Act in order to aid them in the construction of their highways.

8. The highway upon which plaintiff's vehicle was weighed in Freedom, as alleged, was a primary highway in the federal aid system.

9. The use of lighter metals than steel in the manufacture of trucks would permit a corresponding increase in the weight of the load carried, but plaintiff does not own any trucks made of such lighter metals.

10. By letter of September 6, 1938, the then Secretary of Revenue of the Commonwealth of Pennsylvania wrote the then Secretary of State of the State of Delaware to the effect that Pennsylvania weight limitations would not apply to vehicles while in Pennsylvania if they were registered in Delaware and were in compliance with Delaware's laws, when carrying loads originating outside of Pennsylvania.

11. The agreement set out in Finding No. 10 was cancelled, effective April 20, 1952, by letter from the Secretary of Revenue of the Commonwealth of Pennsylvania to the Secretary of State of the State of Delaware, dated April 7, 1952.

12. The agreement set out in Finding No. 10 was the only one of its kind ever entered into, and no such agreement is now in effect.

Conclusions of Law

1. This court has jurisdiction of this action by virtue of Sections 1331, 1332, 2281, and 2284 of the Judicial Code.

2. Section 904 of the Pennsylvania Motor Vehicle Code, Act of May 1, 1929, P.L. 905, 75 Purdon's Pa.Stat.Ann. § 454, authorizes members of the Pennsylvania State Police to weigh motor vehicles and their loads if they have reason to believe that the weight of such vehicle and load is in excess of the limits prescribed by law, including the limits set out in Section 903(c); Section 1203 (a), Act of May 1, 1929, P.L. 905, 75 Purdon's Pa.Stat.Ann. § 733, of the Code authorizes members of the Pennsylvania State Police to arrest any person violating any provisions of said Code, including the weight limits prescribed by Section 903(c), and to file informations for such violations with the magistrate before whom the arrested person is taken.

3. Plaintiff's four-wheeled trailer, weighed as described in Findings Nos. 4 and 5, was 3,380 pounds in excess of the maximum gross weight allowed by Section 903(c) of the Pennsylvania Motor Vehicle Code.

4. The maximum gross weight limit prescribed by Section 903(c) of the Pennsylvania Motor Vehicle Code applies to all vehicles of that class traveling on Pennsylvania highways, including vehicles registered under the laws of the State of Ohio.

5. A state, in the exercise of its police power and in the absence of Congressional action, in order to promote the safety of the traveling public upon its highways and in order to conserve their use, many constitutionally impose reasonable restrictions upon the weight of vehicles which travel over its highways, equally applicable to intrastate and interstate commerce.

6. Plaintiff has failed to prove that the maximum gross weight limit of Section 903(c) is unreasonable.

7. The fact that the United States has contributed funds toward the cost of constructing a highway in Pennsylvania does not preclude Pennsylvania from imposing reasonable and nondiscriminatory weight limits upon vehicles using that highway.

8. The maximum gross weight limit prescribed by Section 903(c) is a reasonable exercise of the police power and, therefore, the fact that compliance with that limit reduces plaintiff's revenue or causes a loss to plaintiff does not render the proscription unconstitutional.

9. Section 409(b) of the Pennsylvania Motor Vehicle Code, authorizing the Secretary of Revenue to enter into reciprocal agreements with other states exempting residents of the latter from compliance with Articles 8 and 9 of the Code, as such Section 409(b) appears in

the amending Act of June 29, 1937, P.L. 2329, is severable from the weight limitation provisions of the original Motor Vehicle Code of May 1, 1929, P.L. 905, and the other amendments contained in the amending Act of June 29, 1937, P.L. 2329. Therefore, even if the amendment sought to be made by Section 409(b) were unconstitutional, it would not affect the weight limitation contained in Section 903(c).

10. The federal courts must accept a determination by a state court that a portion of that state's statute is severable from the remainder.

11. The right to relief by injunction depends upon the facts that exist when the decree is to be entered.

12. One attacking the unconstitutionality of a statute may complain of only those provisions which injure him.

13. Plaintiff's petition should be dismissed at its cost.